[Cite as *State v. Aponte*, 2016-Ohio-7309.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-945 |
| v. | : | (M.C. No. 2015 CRB 470) |
| Cynthia M. Aponte, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on October 13, 2016

---

**On brief:** *Richard C. Pfeiffer, Jr.*, City Attorney; *Lara N. Baker*, City Prosecutor, and *Melanie R. Tobias*, for appellee. **Argued:** *Melanie R. Tobias*.

**On brief:** *Timothy Young*, Ohio Public Defender, and *Nikki Baszynski*, for appellant. **Argued:** *Nikki Baszynski*.

---

APPEAL from the Franklin County Municipal Court

KLATT, J.

{¶ 1} Defendant-appellant, Cynthia M. Aponte, appeals from a judgment of conviction entered by the Franklin County Municipal Court. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} On the night of December 26, 2014, a number of people assaulted Jermaria Clardy in a convenience store parking lot. The store's surveillance camera recorded most of the assault. Criminal complaints were filed in the trial court charging appellant with

assault in violation of R.C. 2903.13(A) and disorderly conduct in violation of Columbus City Code 2317.11(A)(1). Appellant entered not guilty pleas and proceeded to a jury trial.

{¶ 3} At trial, Clardy testified that she knew appellant prior to the attack. Appellant was dating the father of one of Clardy's children. Appellant and Clardy did not get along well and they had engaged in previous altercations, including a fight that occurred the night before the parking lot assault. On the night of the parking lot assault, Clardy drove her brother and her children to a convenience store. A woman approached Clardy as she stood next to her car. The woman tried to hit Clardy and then dragged her away from the car and into the middle of the parking lot, where multiple people took part in assaulting her. (Tr. 125.) Clardy identified appellant as one of the attackers. Clardy's brother, who was in the parking lot during the assault, also testified that appellant was one of the attackers. The state also presented a recording of the assault that Clardy made on her cell phone from the convenience store's surveillance footage. Appellant denied being at the scene of the assault.

{¶ 4} The jury found appellant guilty of both charges. The trial court sentenced her accordingly.

## II. Appellant's Appeal

{¶ 5} Appellant appeals her convictions and assigns the following errors:

> [I.] The State violated Ms. Aponte's right to due process when it solicited false testimony.

> [II.] Trial counsel was ineffective for failing to introduce the audio from the video recording into evidence.

### A. Appellant's First Assignment of Error–Did the State Solicit False Testimony?

{¶ 6} Appellant argues that the state violated her right to due process by soliciting false testimony. To establish a denial of due process from the use of false testimony or false evidence, appellant must show: (1) the statement was false; (2) the statement was material; and (3) the prosecutor knew it was false. *State v. Howard*, 10th Dist. No. 15AP-161, 2016-Ohio-504, ¶ 40, citing *State v. Young*, 10th Dist. No. 05AP-641, 2006-Ohio-1165, ¶ 29. The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected

the judgment of the jury. *Howard*; *State v. Monford*, 10th Dist. No. 09AP-274, 2012-Ohio-5247, ¶ 17.

{¶ 7}   In the audio portion of the recording that Clardy made on her cell phone of the store's surveillance camera footage, she made a comment after the assault had ended that, "I couldn't see, like, all that blood in my face, I'm trying to tell him, did he see somebody?"[1] Appellant argues that this comment demonstrates that Clardy could not see or identify her attackers on the night of the assault and, therefore, her identification of appellant as one of the attackers was necessarily false. We disagree.

{¶ 8}   Clardy's comment during her recording of the store's surveillance footage does not indicate that she was unable to identify appellant because it does not indicate when her vision became obstructed. Her comment does indicate that at some point during the assault her vision was obstructed by blood, but that is consistent with her trial testimony. Clardy testified that after the first woman dragged her to the middle of the parking lot and began hitting her, appellant came up and started punching and kicking her. (Tr. 126.) It was sometime after that point that she could not see. *Id.* Thus, there is no clear indication that Clardy's vision was blocked when she was attacked by appellant.

{¶ 9}   Appellant has not demonstrated that Clardy's testimony identifying appellant as one of the attackers was false. Therefore, we overrule appellant's first assignment of error.

## B. Appellant's Second Assignment of Error—Ineffective Assistance of Counsel

{¶ 10} Appellant argues in this assignment of error that she received ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, appellant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced him. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 133, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989), quoting *Strickland* at 697. ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even

---

[1] At trial, the video of the recording was apparently played without the audio, so the jury did not hear the comment.

to address both components of the inquiry if the defendant makes an insufficient showing on one.").

{¶ 11} In order to show counsel's performance was deficient, the appellant must prove that counsel's performance fell below an objective standard of reasonable representation. *Jackson* at ¶ 133. The appellant must overcome the strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. *Strickland* at 689. To show prejudice, the appellant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 204.

{¶ 12} Appellant argues that her trial counsel was ineffective for not cross-examining Clardy about the comment she made during the audio portion of the recording, that she could not see because of the blood on her face. We disagree.

{¶ 13} Appellant's claim fails for the same reasons that we rejected appellant's first assignment of error. Simply put, and contrary to the premise of appellant's argument, Clardy's comment does not indicate that she was unable to identify appellant. At most, it indicates that she could not see at some point during the assault. Additionally, trial counsel cross-examined Clardy extensively about her ability to see during the attack that night. Thus, we conclude that even if trial counsel had questioned Clardy about this comment, appellant has not demonstrated a reasonable probability of a different outcome.

{¶ 14} Appellant has not demonstrated the ineffective assistance of counsel. Accordingly, we overrule her second assignment of error.

## III. Conclusion

{¶ 15} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.